## EMMETT WALLACE et al. v. STATE.

No. A-6278. Opinion Filed March 10, 1928.
(264 Pac. 924.)

G. V. Pardue, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.   Appellants, Emmett Wallace and Mrs. Lacy Phillips, were tried and convicted on a charge of transporting one-half gallon of whisky from "Hewitt to a point one-quarter of a mile north of Midway, all in Carter county," and, in accordance with the verdict of the jury, they were each sentenced to pay a fine of $50 and confinement in the county jail for 30 days, and they appeal.

The main, if not the only, question presented is whether the evidence was sufficient to sustain the verdict and judgment.

The state relied for this conviction upon the testimony of W. W. Holder, who testified that he saw the defendants about 9:30 that night in a Ford touring car in the town of Hewitt, driven by Bealer Caldwell, and that he followed them in his car a mile and a quarter east to the cemetery north of Midway; there going down hill they stopped, and Emmett Wallace got out and set a half gallon jar down behind the car; that his brakes were not good, and he ran a little by their car before he stopped; that he came back and found this jar; that Wallace was drunk; that Bealer Caldwell got out of the car also; that "Mrs. Phillips did not talk like she was drunk."

On cross-examination he stated that he had a little difficulty with Emmett Wallace, that he pulled him loose from the car and told him to get into his car, and Wallace hit him, and he arrested him and took him to Wilson.

As a witness in her own behalf, Mrs. Lacy Phillips testified that she is the wife of Lacy Phillips, her age 33 years, was reared in Carter county; that her home is 9 miles from Wilson; that Bealer Caldwell is her nephew, and she left her home that evening in his car to go to her sister's, a mile and a half east of the Rexroat schoolhouse; that Emmett Wallace was at her home and got in the car to go to Rexroat where he lives; that she did not see any liquor in the car or taken from the car, but she did see Bealer Caldwell throw something out just before he stopped the car; that there was no whisky drank in the car, and that Emmett Wallace was not under the influence of liquor; that, when the car stopped, Wallace got out to crank the car, Mr. Holder drove by and stopped, and came back, and, while Wallace was cranking the car, he said something to him, and they commenced to fight, then

Wallace went and got in Mr. Holder's car, and with her nephew she went on to her sister's; that she was never before a witness.

As a witness in his own behalf, Emmett Wallace testified that he left the Phillips' place in Bealer Caldwell's car, and Mrs. Phillips was with them; that he did not have any whisky in the car, and did not take any whisky out of the car; that, when the car stopped, he got out and went around to crank it; that Mr. Holder came up, and took hold of him, and told him to come and get into his car, and they had a little scrap; that he was perfectly sober; that he had never before been arrested for any crime.

It is contended that the evidence given upon the trial was not sufficient to sustain the verdict and judgments of conviction. From all the evidence in the case, carefully considered, it would seem quite plain that the evidence was sufficient to sustain a charge of unlawful transportation as to Bealer Caldwell. He was the owner of the car, and was driving the car at all times testified to by the state's witness. There was no proof of participation in the crime by appellants further than the fact that they were riding in Caldwell's car.

Generally, the weight of the evidence is for the jury, where there is substantial evidence tending to establish guilt. However, the weight of the evidence is for the jury only if there is sufficient evidence to show guilt.

On the undisputed facts, we are of the opinion that the evidence is insufficient to show a conveyance by appellants of the whisky in question.

The judgments appealed from are accordingly reversed.

EDWARDS and DAVENPORT, JJ., concur.